983 F.2d 1087
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Chauncey GARDNER, Petitioner,
v.
Marvin T. RUNYON, Postmaster General, United States Postal
Service, Respondent.
 No. 92-3521.
 United States Court of Appeals, Federal Circuit.
 Nov. 13, 1992.
 
 Before ARCHER, MICHEL and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Chauncey Gardner petitions for review of the April 13, 1990 decision of the Merit Systems Protection Board, Docket No. DA07528910387, affirming, as modified, the initial decision of the Administrative Judge (AJ) which sustained Gardner's removal from the U.S. Postal Service (agency) for threatening his supervisor. Because substantial evidence supports the Board's decision to sustain the agency's removal action, we affirm.
 
 DISCUSSION
 
 2
 Gardner was removed by the agency from his position as Postal Service Distribution Clerk, effective May 11, 1989. The agency charged Gardner with threatening his supervisor at the North Branch Postal Office in Dallas, Texas, on March 29, 1989. Gardner appealed the agency's removal action to the Board, claiming that the agency discriminated against him on the basis of race. In sustaining the agency's decision, the AJ determined that (1) Gardner had threatened his supervisor, (2) Gardner had not shown that the removal action was based on racial discrimination by the agency, and (3) the penalty of removal was reasonable and promoted the efficiency of the service.
 
 
 3
 The Board denied Gardner's petition for review, but reopened the case sua sponte to decide whether the agency erred in reaching its removal decision by considering Gardner's past disciplinary record without placing him on notice that it would rely on prior disciplinary action for purposes of penalty assessment. The Board concluded that, based on the circumstances of the case, the agency's failure to properly inform Gardner was harmless error.
 
 
 4
 On petition for review before this court, Gardner attempts to refute the agency's charge that he threatened his supervisor and claims that the Board erred in upholding that charge. The Board's finding that Gardner threatened his supervisor must be sustained on appeal unless that determination is not supported by substantial evidence from the record taken as a whole. See Meehan v. United States Postal Serv., 718 F.2d 1069, 1074 (Fed.Cir.1983); 5 U.S.C. § 7703(c)(3) (1988). Under this standard, "[t]he record need only disclose such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." Weston v. Dep't of Housing & Urban Dev., 724 F.2d 943, 948 (Fed.Cir.1983).
 
 
 5
 Gardner claims that the AJ erred in relying on the testimony of his supervisor, Ron Davis, because it was controverted by record evidence. We find Gardner's challenge to the AJ's credibility determinations to be unavailing. The AJ chose to rely on Davis' testimony because he found it to be credible and consistent with the record as a whole. On the other hand, the AJ found Gardner's testimony to be "vague and entirely lacking in any detail." This court has consistently recognized that such credibility determinations are virtually unreviewable on appeal. See Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). The AJ's credibility determinations are fully supported by the record and we find nothing in the record that compels us to reverse them.
 
 
 6
 Gardner also maintains that the AJ erred in considering a union grievance filed on Gardner's behalf, which reports that he admitted threatening Davis, because it constitutes inadmissible hearsay. In addressing this issue, we need not resolve this evidentiary dispute. The statement contained in the grievance notice served merely to corroborate the credible testimony of the witnesses to the incident and other record evidence. Upon review of the record as a whole, we conclude that substantial evidence supports the Board's determination that Gardner threatened his supervisor, notwithstanding the allegedly inadmissible grievance statement.
 
 
 7
 We have carefully considered the other arguments presented by Gardner and judge them to be without merit. Accordingly, the decision of the Board to sustain the agency's removal action is affirmed.